# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

NATHAN C. TAYLOR

Plaintiff

v.                                                    Civil Action Case No. JKB-11-658

AMERICAN CIVIL LIBERTY UNION

Defendant

## MEMORANDUM

Nathan Taylor requests one hundred million dollars damages in this suit against the "American Civil Liberty Union,"[1] for failing to help him when he asked for assistance in remedying alleged civil rights violations perpetrated against him by the State of Maryland. Taylor complains that the ACLU is actually part of the government. The court will grant Taylor's motion to proceed in forma pauperis (ECF No. 2) and dismiss the Complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Federal district judges have discretion under 28 U.S.C. § 1915(e) (2) to screen and dismiss cases which are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Although the court is mindful that Taylor is self-represented and accords his pleadings liberal construction, *see, e.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the court cannot ignore a clear failure to allege facts that set forth a cognizable federal claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 390–91 (4th Cir. 1990). Further, a complaint must plead facts that "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[S]ome threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotations omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] The Court assumes that Taylor intends to name the American Civil Liberties Union (ACLU) as defendant.

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, _U.S. _, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

In this case, the complaint does not allege violation of any federal law or constitutional provision. Contrary to Taylor's suppositions, the ACLU is a not a government organization and has no federal or constitutional obligation to provide him with assistance. In the absence of a federally cognizable cause of action, the case will be dismissed without prejudice by separate order to follow.

DATED this 30th day of March, 2011.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge